634 So.2d 124 (1994)
Charles Barry SILLS
v.
STATE of Mississippi.
No. 91-KA-00461.
Supreme Court of Mississippi.
March 17, 1994.
Leon Mangum, Decatur, for appellant.
Michael C. Moore, Atty. Gen., Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PRATHER, P.J., and PITTMAN and McRAE, JJ.
McRAE, Justice, for the Court:
Charles Barry Sills was convicted of burglary on April 10, 1991, in the Circuit Court of Newton County and was sentenced to serve a term of seven (7) years in the custody of the Mississippi Department of Corrections without parole, suspension or reduction of sentence, as an habitual offender under Miss. Code Ann. § 99-19-81 (1972). His motion for a new trial having been denied, he initiated this appeal and raised the following issue:
The defendant was coerced and threatened into providing a written confession, and therefore the trial judge erred in allowing his confession into evidence since it was involuntarily given.
The testimony of the deputy sheriff elicited on direct and cross-examination during the suppression hearing refuted the defendant's contention that he was coerced or threatened into giving a confession. Finding that the trial judge did not abuse his discretion in overruling the defendant's motion to suppress and admitting the written confession into evidence, we affirm the lower court's judgment.

FACTS
Sometime between Thursday, June 15, 1989, and Sunday, June 18, 1989, Charles Barry Sills, acting in concert with another unknown person, burglarized the Liberty Baptist Church in Newton County, taking various items of sound equipment. Sills was subsequently arrested, and he thereafter provided a written confession the Newton County Deputy Sheriff Jackie Knight. Sills signed an acknowledgment that he had been informed of his Miranda rights and also signed a waiver of those rights. Sills' confession was introduced into evidence over his *125 objection and was the only piece of evidence implicating him in the theft.
Prior to trial, Sills filed a motion to suppress requesting that the confession not be entered into evidence because (1) the confession was involuntarily given; (2) it was given at a time when Sills neither had an attorney nor had been advised of his right to an attorney; and (3) the confession was made under duress and was a product of promises of reward and leniency.
At trial, a suppression hearing was conducted outside the presence of the jury. Jackie Knight, the only officer present when Sills wrote his confession, testified for the State, and the defendant testified in his own behalf. The State thereafter produced Officer Knight as a rebuttal witness. At the conclusion of the hearing, the trial judge overruled Sills' motion to suppress, stating that the written confession met the necessary requirements for it to be allowed into evidence. The sole issue raised in the motion to suppress concerned the voluntariness of Sills' written confession. At the suppression hearing, Officer Knight testified as follows:
Q. Deputy Knight, at this time, did the Defendant appear to be under the influence of drugs or intoxicants?
A. No.
Q. Were any offers of reward or hopes of leniency held out to him?
A. No.
Q. Were any threats of injury or violence made to him?
A. None whatsoever.
Q. Did anyone tell him, or did you tell him he would be better off if he confessed?
A. No.
Q. Did he ever ask for a lawyer to be present?
A. No.
Q. During this time period, did he ever ask for the questioning to cease?
A. No.
* * * * * *
Q. Did you make a statement to him that if he didn't sign the statement, you w[ere] going to have his brother arrested?
A. No, I didn't.
Q. Did you make a statement to him, Jackie, that he would be better off if he would just go ahead and sign this statement, that nothing would come of it?
A. No, sir, I did not make that statement.
* * * * * *
Q. Now, Jackie, at the time that you took this statement, you knew I represented him, didn't you?
A. No, I did not.
Q. You didn't know that I had been appointed by the Court on another charge to represent this Defendant, where he had been indicted earlier?
A. No, I didn't.
* * * * * *
Q. Mr. Knight, did at any time, while in custody, before the taking of the statement, the Defendant or anyone else bring to your attention that he had an attorney?
A. No, sir.
The defendant testified that he told Officer Knight that he was represented by counsel and wanted counsel present. Sills also testified that Knight told him that if he did not cooperate, Knight would arrest Sills' brother even though his brother had done nothing illegal. On cross-examination, Sills conceded that he had read and signed the Miranda advisory and waiver. The State, thereafter, produced Knight as a rebuttal witness. Knight denied that Sills had informed him that he was represented by counsel and wanted counsel present. Knight further denied that he would be lenient on Sills if Sills confessed.

LAW
In this appeal, Sills argues his written statement was inadmissible because (1) it was the product of an unlawful arrest and (2) the State failed to refute Sills' testimony that Deputy Knight threatened to have his brother arrested if Sills did not make a statement. If Sills wanted to claim his confession was a product of an illegal arrest, "it [was] incumbent upon him to assert this defense at the hearing and to offer some evidence in support of it." Bevill v. State, 556 So.2d 699, *126 709 (Miss. 1990). Sills completely failed to make out a prima facie case of illegal detention and arrest. See Butler v. State, 212 So.2d 573, 577 (Miss. 1968). Sills never claimed that this general allegation was the motivation for confessing to the crime. When the trial judge asked for the specific objection to the confession, defense counsel never argued that Sills was illegally arrested but, rather, argued that the confession was involuntarily given. In failing to do this, Sills abandoned this claim and forfeited his right to argue at some subsequent time that the trial judge erroneously admitted his statement into evidence because it was induced by an illegal arrest. Bevill, 556 So.2d at 709.
The centerpiece of Sills' challenge to the voluntariness of his written confession is his claim that Officer Knight secured a confession under the threat that Sills' brother would be arrested if Sills failed to cooperate. Sills contends that Deputy Knight never denied this allegation, and, consequently, the trial court erred in ruling the confession was admissible evidence.
To the contrary, the allegation in question was refuted, both generally and specifically, during Knight's initial, as opposed to his rebuttal, testimony. Knight testified generally, during direct examination, that he made no threats to Sills in order to obtain Sills' statement. During cross-examination, he specifically denied he told Sills he would have Sills' brother arrested if Sills did not confess.
The prosecution is not required to elicit the same information again after Deputy Knight, the only officer present during the questioning, was recalled to the witness stand as a rebuttal witness. Knight, during his initial testimony, negated with desirable clarity, in both general and specific terms, the allegation that he threatened an arrest of the defendant's brother. In Abram v. State, 606 So.2d 1015 (Miss. 1992), the defendant argued that during a suppression hearing, the trial court erred in not recalling prosecution witnesses to specifically refute defendant's testimony that he had been threatened during his interrogation. We held:
The testimony of these witnesses on direct and cross-examination generally denying any wrong-doing, when coupled with Abram's testimony, provided a sufficient evidentiary foundation on which the court could rule. See Thompson v. State, 375 So.2d 233, 234 (Miss. 1979); White v. State, 374 So.2d 843 (Miss. 1979). It was not imperative that these witnesses be recalled merely to reiterate their earlier testimony.
Abram, 606 So.2d at 1030. (Emphasis added).
As was true in Abram, and is equally true in the case at hand, the testimony of Deputy Knight during direct and cross-examination provided a sufficient evidentiary foundation on which the judge could rule. It was unnecessary for Knight to reaffirm the testimony given during his initial testimony. "The law does not require foolish actions." Pruett v. State, 431 So.2d 1101, 1107 (Miss. 1983).
When a trial judge concludes that a "confession is admissible, his finding becomes a finding of fact which will not be reversed on appeal unless it is manifestly in error or contrary to the overwhelming weight of the evidence." Pinkney v. State, 538 So.2d 329, 342 (Miss. 1988). Our scope of review of a trial court's suppression hearings findings is that "[w]e may ... disturb such a finding only where there is an absence of substantial credible evidence supporting it." Nicholson v. State, 523 So.2d 68, 71 (1988) [quoting Ray v. State, 503 So.2d 222, 224 (Miss. 1986)]. Our task, therefore, is to determine if there is substantial credible evidence in the record supporting the trial judge's findings. We cannot say from the record before us that the trial judge's findings were manifestly in error or contrary to the overwhelming weight of the evidence.
In Frost v. State, 483 So.2d 1345 (Miss. 1986), we stated, "[o]nce the trial judge has determined, at a preliminary hearing, that a confession is admissible, the defendant/appellant has a heavy burden in attempting to reverse that decision on appeal." Frost, 483 So.2d at 1350.
Finding nothing in the record to convince us that the credibility choice made by the circuit court judge was manifestly wrong, we affirm appellant's conviction and sentence.
*127 Conviction for burglary and sentence of seven (7) years in Custody of the Mississippi Department of Corrections without parole, suspension or reduction of sentence, as an habitual offender under Miss. Code Ann. § 99-91-81 (1972) AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.