LEE, J.,
for the Court:
¶ 1. On November 2, 1999, Roger Hurst was indicted for burglary of a storehouse pursuant to Miss.Code Ann. § 97-17-33(1) (Rev.2000), by an Amite County grand jury. With the assistance of counsel, Hurst pled guilty on February 22, 1999, and his plea was accepted as having been voluntarily and intelligently entered. As part of the plea bargain, an additional unrelated charge for the burglary of a dwelling house was retired to the files. Hurst was sentenced to serve a term of five years in the Mississippi Department of Corrections; however, the court retained jurisdiction for up to one year for the placement of Hurst in the Regimented In *416 mate Discipline program, which was to be followed by four years of probation.
¶ 2. On February 24, 1999, Hurst filed for post-conviction relief, asserting, in essence, that his plea was not voluntarily and knowingly made. Following a hearing, he now appeals from the court’s denial of relief.
STATEMENT OF THE FACTS
¶ 3. Roger Hurst was indicted for burglary on November 2, 1999. He was served with said indictment on November 20, and on November 22, 1999, Donald Walsh was appointed as his counsel. With the assistance of Walsh, Hurst, who had an eleventh grade education, filled out and filed with the court a petition to enter a guilty plea on February 15, 2000. After advising and questioning both Hurst and Walsh at the guilty plea proceeding on February 22, 2000, the trial court found that Hurst’s plea was voluntarily and intelligently made and that there was a factual basis for the plea. Hurst was sentenced to serve one year in the R.I.D. program followed by four years of probation. The trial court also accepted the State’s recommendation that an additional unrelated charge for the burglary of a dwelling house be retired to the inactive file.
¶ 4. On February 24, two days after the trial court had accepted Hurst’s plea and sentenced him, Charles Miller, who was now acting as counsel for Hurst, filed a motion to set aside Hurst’s guilty plea. Hurst indicated in his motion that he pled guilty because he had been assured by his attorney that by so pleading he would be sentenced only to probation. The motion was filed and heard before the court on the same day. Hurst’s mother testified that she was present when her son met with Walsh prior to having pled guilty. She said that Walsh told Hurst that if he pled guilty that he would “get probation” since this was his first offense. On cross-examination, she admitted that she was present in the courtroom and heard her son plead guilty to the offense.
¶ 5. Hurst testified that he pled guilty because Walsh had led him to believe he would only “get probation” and could keep his job. On cross-examination Hurst was questioned regarding his contradictory pri- or sworn statement from his guilty plea hearing. In that statement he affirmed that no one had promised him any hope or offer of any promise or reward in order to induce him to plead guilty. On cross-examination Hurst’s attorney advised him not to answer further questions on this issue in order to avoid perjury charges. Hurst therefore pled the Fifth Amendment.
¶ 6. Because the motion to set aside the guilty plea was heard the same day that it was filed, the State had not received notification or had the opportunity to respond to the allegations made regarding the representations of Hurst’s prior attorney, Walsh. At the conclusion of this hearing the trial court set a date for an additional hearing in order to allow the State an opportunity to respond to Hurst’s motion. The court retained jurisdiction though entry of the sentencing order and judgment was withheld pending the further hearing.
¶ 7. The additional hearing was held on May 3. At that time the court recognized that an affidavit had been filed by Hurst’s first attorney, Walsh. Walsh’s sworn affidavit totally refuted all of Hurst’s allegations. It specifically stated that he had informed Hurst that the best he could expect for a plea of guilty would be probation but that the final disposition would be up to the judge. Walsh also stated that at all times he had spoken with Hurst that his mother was present and that she knew he had made no promise to Hurst regard *417 ing the sentence that would be levied against him.
¶ 8. After receiving the sworn affidavit, the trial court denied relief, resolving the factual issue of whether Hurst had been promised probation in exchange for his guilty plea against Hurst. Hurst appeals from that denial of relief.
STANDARD OF REVIEW
¶ 9. The question of whether a plea was voluntarily and knowingly made is a question of fact. A plea is considered “voluntary and intelligent” if the defendant is advised regarding the nature of the charge against him and the consequences of the entry of the plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). The defendant must be instructed that a guilty plea waives his rights to a jury trial, to confront adverse witnesses, and protection against self-incrimination. Id.
¶ 10. Our scope of review regarding the overruling of a motion to suppress by the circuit court is limited. The defendant bears the burden of proving by a preponderance of the evidence that he is entitled to post-conviction relief. McClendon v. State, 539 So.2d 1375, 1377 (Miss.1989). “Once the trial judge has determined at a preliminary hearing that a confession is admissible, the defendant/appellant has a heavy burden in attempting to reverse that decision on appeal.” Sills v. State, 634 So.2d 124, 126 (Miss.1994) (quoting Frost v. State, 483 So.2d 1345, 1350 (Miss.1986)). “Such findings are treated as findings of fact made by a trial judge sitting without a jury as in any other context. As long as the trial judge applied the correct legal standards, his decision will not be reversed on appeal unless it is manifestly in error, or is contrary to the overwhelming weight of the evidence.” Foster v. State, 639 So.2d 1263, 1281 (Miss.1994). Where conflicting testimony in the record has been resolved by the trier of fact, this Court generally must affirm. Lesley v. State, 606 So.2d 1084, 1091 (Miss.1992). “It is enough to say that the [trial judge sitting without a jury], and not the reviewing court, judges the credibility of the witnesses as well as the weight and worth of their conflicting testimony.” Burrell v. State, 613 So.2d 1186, 1192 (Miss.1993). The trial judge’s conclusions will not be disturbed on appeal where there is substantial supporting evidence in the record, even if we might have found otherwise as an original matter. Murphy v. Murphy, 631 So.2d 812, 815 (Miss.1994).
ISSUES AND DISCUSSION
I. THE TRIAL COURT DID NOT ERR IN FINDING THAT HURST’S PLEA WAS VOLUNTARILY AND INTELLIGENTLY ENTERED.
¶ 11. This case presents to us a circumstance encountered all too often: an accused felon strikes a plea-bargain agreement and represents to the Court that his plea is freely and voluntarily entered only to discover that his sentence does not meet his expectations. He thereafter applies for post-conviction relief asserting, again under oath, that his plea was not nearly so voluntarily entered as he once thought.
¶ 12. Hurst argues that the trial court erred in not setting aside his guilty plea because his plea was based on a promise of probation by his counsel. However, the record shows a sworn affidavit by Hurst’s court appointed counsel, Donald Walsh, which clearly contradicts Hirst’s contention. Walsh stated in the affidavit that he never promised Hurst that he would receive probation and that Hurst was specifically told there were no guarantees. The affidavit also stated that Walsh told Hurst that though the best he could expect was probation, the final disposition *418 was strictly up to the judge. Thus, the factual contentions made by Hurst in his motion were contradicted not only by his guilty plea petition and his own statements under oath at his guilty plea proceeding, but also by the sworn affidavit of his court appointed counsel. Hurst stated under oath that he committed the offense and that he had not been promised anything in exchange for his guilty plea.
¶ 13. Hurst was given a hearing on his motion to set aside his guilty plea where he and his mother testified that Hurst’s counsel had promised him at a meeting prior to the hearing that if he pled guilty that he would “get probation.” On cross-examination Hurst could not reconcile his statement that he was promised probation with his prior testimony under oath at the guilty plea proceeding. To avoid possible perjury charges against Hurst his counsel objected and advised him to plead the Fifth Amendment.
¶ 14. The trial court, at the conclusion of the hearing on Hurst’s claim of inducement to plead guilty, resolved that factual issue against Hurst. In other words, it found Hurst’s sworn statements at the guilty plea proceeding and Walsh’s affidavit more credible than the testimony of Hurst and his mother at the hearing to set aside the plea regarding promises from Walsh. The court stated in the record that it found no credibility to Hurst’s claim that he was promised anything. Where conflicting testimony in the record has been resolved by the trier of fact, this Court generally must affirm. Lesley, 606 So.2d at 1091.
¶ 16. Though it could be argued that Hurst expected a lesser sentence because Walsh told him that the best he could expect was probation, precedent clearly distinguishes between the mere expectation of a lesser sentence and a reliance upon a firm representation of a lesser sentence. A mere expectation, though reasonable, is generally not sufficient to merit relief. Myers v. State, 583 So.2d 174, 177 (Miss.1991). Having reviewed the record, we find that the decision of the trial judge was not manifestly in error or contrary to the weight of the evidence, and we can therefore not reverse on the basis of this issue. Foster, 639 So.2d at 1281.
¶ 16. Though Hurst did not raise this as an issue on appeal, we note that the record indicates that Hurst complained at the hearing that he did not have the opportunity to cross-examine his first attorney, Walsh, in regard to the sworn affidavit he submitted. Nevertheless, the record shows that it was the same judge who heard all of the testimony at the guilty plea itself and the testimony regarding the motion to set aside the guilty plea. The trial judge was certainly cognizant of the weight to be attached to a sworn affidavit as opposed to testimony that may be subject to cross-examination. As trier of the facts, it was the trial judge’s prerogative and duty to weigh all the evidence, pick out what he believed to be its most credible parts, and make his determinations accordingly. We will not disturb the trial judge’s conclusions on appeal when there is substantial evidence in the record supporting them. Murphy v. Murphy, 631 So.2d at 815. We find that such evidence exists independent of the affidavit.
II. THERE WAS SUBSTANTIAL CREDIBLE EVIDENCE THAT HURST RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL.
¶ 17. The two-part test announced in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is our standard of review for resolving whether counsel was effective. In Mohr v. State, 584 So.2d 426, 430 (Miss.1991), the Mississippi Supreme Court ex *419 plained the application of the Strickland two-part test, which requires that the mov-ant show: (1) counsel’s performance was deficient and that the deficient performance prejudiced the defense, and (2) there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceedings would have been different. As a legal construct, it is presumed “that trial counsel’s conduct is within the wide range of reasonable conduct and that decisions made by counsel are strategic.” Edwards v. State, 615 So.2d 590, 596 (Miss.1993). The Strickland standard for proving ineffective assistance of counsel makes the charge appropriately difficult to establish. Knox v. State, 502 So.2d 672, 676 (Miss.1987).
¶ 18. Though Hurst did not specifically address ineffective assistance of counsel as a separate issue, it is implicit in his claim that his counsel promised him probation rather than the sentence he actually received. Hurst primarily complains of having been sentenced to the R.I.D. program. The record shows that as a result of Hurst’s plea bargain he received an added benefit: an unrelated charge against Hurst for the burglary of a dwelling house was retired to the inactive file. The two co-defendants in that case, who had only that charge against them, were also given the R.I.D. program. This does not reveal that Hurst was unreasonably sentenced.
¶ 19. Additionally, Hurst complains that his counsel did not subpoena any witnesses, requested no discovery, and filed no motions prior to the guilty plea hearing. The record indicates that Walsh, Hurst’s first attorney, requested and received discovery from the State and sought for a reduction of his sentence on the basis of the nature of the offense, the fact that it was Hurst’s first offense, Hurst’s age, and his present employment.
¶ 20. Having found that the trial court was correct in finding no evidence of a promise or inducement for Hurst’s guilty plea by Walsh, we do not find that Hurst has met the first prong of the Strickland test: that counsel’s performance was deficient and that the deficient performance prejudiced Hurst’s defense. Though Hurst stated that Walsh failed to subpoena witnesses, Hurst does not state how he was prejudiced by this. Hurst did not overcome the presumption that his counsel’s conduct fell within the wide range of reasonable professional assistance and could be considered sound trial strategy. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. The test is reviewed under the strong but rebuttable presumption that counsel is competent and his conduct is reasonable. Vielee v. State, 653 So.2d 920, 922 (Miss.1995). Strickland is applied with deference to counsel’s performance, considering the totality of circumstances to determine whether counsel’s actions were both deficient and prejudicial. Conner v. State, 684 So.2d 608, 610 (Miss.1996). We find no merit to this assertion.
¶ 21. THE JUDGMENT OF THE AM-ITE COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO AMITE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, IRVING, MYERS and CHANDLER, JJ., concur.