859 So.2d 1082 (2003)
Roy Douglas MULLINS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CA-01172-COA.
Court of Appeals of Mississippi.
November 18, 2003.
*1083 Jim Davis, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before McMILLIN, C.J., MYERS, CHANDLER and GRIFFIS, JJ.
CHANDLER, J., for the Court.
¶ 1. Roy Douglas Mullins entered a guilty plea in the Harrison County Circuit Court to a charge of armed robbery and was sentenced to ten years' imprisonment. He filed a petition for post-conviction relief in the circuit court asserting that his guilty plea was involuntary. The circuit court denied Mullins' petition, and he perfected the appeal which is before this Court. Mullins contends that he was improperly advised of his sentence. We find that the record supports the circuit court's determination that Mullins was advised of the minimum and maximum sentences which could be imposed, and we affirm the circuit court.

DISCUSSION
¶ 2. Mullins was a resident of Tennessee serving with the National Guard on the Mississippi Gulf Coast when he robbed a convenience store at gunpoint. There is no doubt of his guilt, nor that he entered his guilty plea while represented by counsel. However, no transcript of the plea colloquy exists. It appears that the tape made by the court reporter was stolen, and the court reporter no longer resides in Mississippi. Mullins contends that he entered the plea on advice from his counsel which included assurance that the district attorney agreed to ask for the minimum sentence of three years, and it was "extremely likely" that the entire sentence would be suspended. But, three years is the minimum sentence for armed robbery. Miss.Code Ann. § 97-3-79 (Miss.Rev. 2000). And a person convicted of armed robbery may not receive a wholly suspended sentence. Miss.Code Ann. § 47-7-3 (Rev.2000).
¶ 3. A defendant must be informed of the minimum and maximum penalties of *1084 a crime to which he pleads guilty prior to the actual plea. Boykin v. Alabama, 395 U.S. 238, 242-243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). Mullins contends that had he been advised of the fact that his sentence could not be wholly suspended, he would not have entered his plea. He argues, therefore, that his plea was unknowing and involuntary.
¶ 4. Mullins signed a petition to plead guilty. This petition states that the minimum sentence is three years. Therefore, there is no doubt that Mullins was correctly informed of the minimum sentence.
¶ 5. Additionally, after the entry of Mullins' plea, the circuit court requested a sentencing report before handing down Mullins' sentence. Unlike the plea colloquy, the sentencing hearing was transcribed, and the record contains that transcript. At the sentencing hearing, Mullins' counsel stated, "[I]t's my recommendation Your Honor give Mr. Mullins ten years and suspend seven and give him the minimum sentence with a five year post release supervision."
¶ 6. We find this record constituted sufficient evidence to show Mullins was properly advised as to the minimum and maximum sentence prior to his entering the plea. His attorney's statement shows that the attorney did not contemplate that Mullins would receive a wholly suspended sentence, and that his attorney correctly interpreted the law as mandating a minimum sentence of three years.
¶ 7. Moreover, even if Mullins mistakenly believed that he would not serve any of the sentence, he would not be entitled to relief. A mere expectation of a lesser sentence than the sentence imposed will not render a plea unknowing or involuntary. Hurst v. State, 811 So.2d 414, 418 (¶ 15) (Miss.Ct.App.2001). The circuit court properly denied Mullins' petition for post-conviction relief.
¶ 8. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR.