SOUTHWICK, P.J., for the Court.
¶ 1. A Leake County Circuit Court jury convicted Joe Santakeya Jones of possession of cocaine. On appeal, he argues that the court erred in denying his motion to suppress a statement that he gave and that the verdict was against the overwhelming weight of the evidence. We disagree and affirm.
FACTS
¶ 2. Deputy Sheriff Tony Smith went to a residence in response to an emergency call. An occupant of the residence had called “911” to request help, stating “the dope man in a white car is chasing Willie Lee and them.” As Smith stood on the porch and discussed the reason for the call, he was told that the drug sellers would arrive soon. Suddenly, two vehicles came around the curve approaching the house. A white car was “right on the back bumper” of the first car. As the two cars approached, Deputy Smith observed the driver of the white car slam on the brakes and then attempt to back up. The car went into a ditch. As Smith started walking towards the car, a person exited from the passenger side and went to the rear of the car and started pushing it. The person started walking away from the scene but returned when Deputy Smith called out to him.
¶ 3. The defendant Joe Jones was driving the white car. As Jones pulled out of the ditch, Deputy Smith talked with him and asked for his driver’s license. Jones was issued a citation for reckless driving and placed under arrest. The deputy then went back to the ditch where the car had been. He found a piece of copper crack *564 pipe and a plastic bag containing crack cocaine. These items were found on the ground at the edge of the ditch where the car had been stuck.
¶ 4. The next day, after being notified of his rights and signing a waiver of rights form, Jones gave a statement that was reduced to writing. The statement reads: “The dope was on the console when we saw you. I hit the brakes; Charlie hit the gear shift to reverse and the car went back to hit the ditch. Charlie [grabbed] the dope and the pipe. He got out the passenger’s side, that [is] the truth. I’ve been picking Charlie up early every morning to go to work on our trailer, that’s why Charlie was riding around with me. We, me and Charlie had the dope and had been smoking all night. Charlie bought it but we were both smoking it. It was in my car.”
¶ 5. After a trial, Jones was convicted of possession of cocaine and sentenced to twelve years in the custody of the Mississippi Department of Corrections. He appeals.
DISCUSSION

1. Statement

¶ 6. Jones claims that the court erred in denying his motion to suppress his statement. He claims that the statement was made after an illegal arrest, as he claims that he could not be arrested for reckless driving. The basic argument is that reckless driving is punishable solely by a fine, and that an arrest for such an offense is improper.
¶ 7. The State argues that we need not evaluate whether Jones is correct. The reason is that no such argument was made by the defense at trial. Instead, the suppression hearing that was held during the trial solely concerned issues that arose out of the interrogation at the police station, specifically whether Jones was threatened in some way if he did not make a statement. No argument was made, and no evidence introduced, regarding the validity of the arrest.
¶ 8. We have examined the record and find the State to be correct. The possibility that the arrest may not have been valid was never raised below. The issue of the validity of the arrest is not properly before us. Sills v. State, 634 So.2d 124, 125-26 (Miss.1994). We have been given no basis on which to reverse the trial court’s admission of Jones’s statements.

2. Weight of evidence

¶ 9. Jones argues that the verdict was against the overwhelming weight of evidence and that the State failed in proving that he was connected to the cocaine.
¶ 10. Evidence was presented that deputy Smith, as he was walking near the ditch into which the car had been driven, found a piece of copper crack pipe and a plastic bag containing crack cocaine. These items were found in plain view on the ground next to where the passenger side of the vehicle had been. It was reasonable to infer that these items were not lying on the ground unconnected to the event of the vehicle being driven into the ditch, but that they had been thrown there by someone within the car. At this point, probable cause existed to arrest both the driver and the passenger for possession of the drugs. Maryland v. Pringle, 540 U.S. 366,-, 124 S.Ct. 795, 800, 157 L.Ed.2d 769 (2003).
¶ 11. While under arrest, Jones confessed that he had smoked cocaine and some had been in his car. He did not admit to possessing the particular cocaine on the ground. During trial, the other *565 person in the vehicle claimed that Jones had possessed the drugs.
¶ 12. The jury heard the testimony. It was within their prerogative to decide what to believe. Brown v. State, 796 So.2d 223, 228 (Miss.2001). The jury chose to believe evidence presented by the State in finding that Jones was guilty of possession of cocaine. That decision is one we affirm.
¶ 13. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
KING, C.J., BRIDGES, P.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.