LEE, J.,
for the Court.
PROCEDURAL HISTORY
¶ 1. On June 10, 2002, a jury in the Circuit Court of Warren County convicted Bobby Derrell Booker of armed robbery. Booker was sentenced to ten years, with five years suspended and five years to serve in the custody of the Mississippi Department of Corrections. Aggrieved, Booker now appeals to this Court asserting that he was denied effective assistance of counsel and that the trial court erred in admitting his confession which was not voluntary.
FACTS
¶ 2. As Ramona and William Deck were leaving the Isle of Capri Casino in Vicksburg, Mississippi, a car, driven by Kenny Hughes, pulled up beside them. Booker was in the passenger seat of the car. Hughes then leaned out of the car window, exhibited a gun, and told Ramona to give him her purse. The purse contained two one hundred dollar bills and various items. After the assailants drove away, William returned to the casino, called 911, and was able to give a description of the car.
¶ 3. Shortly after the robbery, Warren County Deputy Sheriff Brad Redditt pulled the ear over. After determining that the driver, Hughes, did not have a license, Redditt asked for Hughes’s consent to search the car. After opening the *1043 passenger door where Booker was sitting, Redditt noticed a wallet between the door and the seat. Hughes had two one hundred dollar bills in his pocket. The wallet was later determined to belong to Ramona Deck. Redditt also found a Glock pistol in the trunk of the car.
¶ 4. Virdell Lewis, Jr., an investigator with the Vicksburg Police Department, arrived on the scene. Sometime later Booker took Detective Lewis to a wooded area where Ramona’s purse was recovered containing her keys and other personal items. Booker and Hughes were taken to the police station were they where questioned.
DISCUSSION OF ISSUES
I. WAS BOOKER DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 5. In his first issue, Booker claims that he was denied effective assistance of counsel. Specifically, Booker contends that his trial counsel was ineffective during the motion to suppress hearing in failing to offer any testimony concerning Booker’s request for an attorney prior to his interrogation by Detective Lewis. Prior to trial, Booker’s trial counsel filed a motion to suppress Booker’s statements made during the police interrogation. Booker argues that his attorney should have questioned him about whether he had in fact asked for an attorney prior to the interrogation. We look to our standard of review concerning claims of ineffective assistance of counsel. While looking to the totality of the circumstances, we must determine whether Booker proved his counsel’s performance was deficient and whether this deficiency resulted in prejudice to Booker. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We must discover if .any of the purported errors were “outside the range of professionally competent assistance.” Id. at 690, 104 S.Ct. 2052.
¶ 6. During the motion to suppress hearing the State, on cross-examination, determined from Booker that the police officer read Booker his rights before placing him in the police car. The State also asked Booker whether he had asked for an attorney upon reaching the police station and Booker replied, “No, because I didn’t see anyone.” On redirect Booker’s trial counsel asked him whether anyone told him he had the right to remain silent before seeing a lawyer, to which Booker responded, “No.” During his testimony at the hearing, Booker did admit that he knew he had a right to remain silent, among other rights, but said he did not understand that he was waiving them by talking.
¶ 7. As Booker testified during cross-examination that he had not asked for an attorney, we cannot see how his attorney was ineffective in failing to question him on the matter. Booker’s counsel did question him on other matters pertaining to the interrogation, such as Booker’s understanding of the word “waiver.” We fail to see how the outcome of the trial would be different if Booker’s counsel had in fact asked Booker if he had requested an attorney and Booker responded in the negative. This would simply reinforce the State’s position. We find this issue to be without merit.
II. DID THE TRIAL COURT ERR IN ADMITTING BOOKER’S CONFESSION, WHICH WAS NOT GIVEN FREELY AND VOLUNTARILY?
¶ 8. In his other issue, Booker contends that the trial court erred in admitting Booker’s confession. Specifically, Booker claims that his confession was not given voluntarily, but rather resulted from promises of reward and leniency by Detec- *1044 five Lewis. Regarding the denial of a motion to suppress by the trial court, our scope of review is limited. “Once the trial judge has determined at a preliminary hearing, that a confession is admissible, the defendant/appellant has a heavy burden in attempting to reverse that decision on appeal.” Sills v. State, 634 So.2d 124, 126 (Miss.1994). “As long as the trial judge applied the correct legal standards, his decision will not be reversed on appeal unless it is manifestly in error, or is contrary to the overwhelming weight of the evidence.” Davis v. State, 551 So.2d 165, 169 (Miss.1989). If the evidence is conflicting and the trial court admits a statement into evidence, this Court generally must affirm. Lesley v. State, 606 So.2d 1084, 1091 (Miss.1992).
¶ 9. Booker argues that the trial court’s ruling on the motion to suppress failed to make specific findings regarding the volun-tariness of Booker’s statement. The trial court, in its ruling, made specific findings on the knowing and intelligent aspects of Booker’s confession, but only stated that “[t]he Court finds beyond a reasonable doubt that the statement was freely and voluntarily given.” Booker’s motion to suppress simply mentions that he was “approached by an agent of the state and ... induced into taping a conversation.” However, Booker failed to provide any testimony at the hearing that he was coerced into giving a statement. Furthermore, during the motion hearing, Booker’s attorney stated to the trial court that “[w]e’ve not alleged that he was threatened. We’ve not alleged that there were any promises made.” Considering the evidence before the trial court, we fail to see how the trial court’s admission of Booker’s statement was manifestly wrong or contrary to the overwhelming weight of the evidence. Therefore, we find this issue to be without merit.
¶10. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY WITH A DEADLY WEAPON AND SENTENCE OF TEN YEARS, WITH FIVE YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FIVE YEARS’ POST-RELEASE SUPERVISION, IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO WARREN COUNTY.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., IRVING, MYERS, CHANDLER AND GRIFFIS, JJ„ CONCUR.