¶ 1. Harmon L. Mooney was convicted of felony possession of methamphetamine. Mooney appeals and argues that the trial court committed reversible error when it admitted Mooney's confession into evidence. We find no error and affirm.
 FACTS ¶ 2. During the trial, the court held a suppression hearing to determine if Mooney's confession should be admitted into evidence. The testimony came from the three officers who were present when Mooney was arrested on an unrelated warrant. Mooney did not testify during the suppression hearing.
 ¶ 3. Officer Tony Smith testified that he, along with Officers Mike Williams and Brett Flake, arrived at Mooney's residence in Leake County to serve an arrest warrant. Officer Smith approached Mooney and informed him he was under arrest. Officer Smith handcuffed Mooney and informed him of hisMiranda rights. Officer Smith testified that Mooney indicated that he understood his Miranda rights. Officer Smith then conducted a pat down search of Mooney and found a pair of bags containing a white crystal substance in Mooney's front pant's pockets. Officers Williams and Flake corroborated Officer Smith's testimony. They also testified that they did not hear Smith attempt to coerce or promise Mooney anything in exchange for a statement.
 ¶ 4. Officer Smith transported Mooney to the Leake County jail. During transport, Officer Smith testified that he had a "casual conversation" with Mooney. Officer Smith testified that during this casual conversation he reminded Mooney of his rights. Officer Smith also stated that this conversation occurred around five to ten minutes after Mooney was originally read his rights. Officer Smith then testified that during the "conversation" Mooney said the "stuff on him was a quarter gram of meth and that he paid twenty dollars for it. Mooney described it as "home made meth." Officer Smith testified that he never attempted to coerce or promise Mooney anything during the "conversation."
 ¶ 5. As a result of this testimony, the trial court allowed the confession to be admitted into evidence and presented to the jury. It is this decision that Mooney claims is reversible error. *Page 629 
 STANDARD OF REVIEW ¶ 6. "Once the trial judge has `determined, at a preliminary hearing, that a confession is admissible, the defendant/appellant has a heavy burden in attempting to reverse that decision on appeal.'" Applewhite v. State,753 So.2d 1039, 1041 (¶ 10) (Miss. 2000) (quoting Sills v.State, 634 So.2d 124, 126 (Miss. 1994)). "This Court will reverse the trial court's finding that a confession is admissible only when an incorrect legal standard was applied, manifest error was committed, or the decision is contrary to the overwhelming weight of the evidence." Duplantis v.State, 644 So.2d 1235, 1243 (Miss. 1994) (citing Williev. State, 585 So.2d 660, 665 (Miss. 1991)).
 ANALYSIS ¶ 7. Mooney argues that the confession was involuntary because it was secured at a time when he was without legal counsel and at a time when he had not waived his right against self incrimination.
 ¶ 8. The State has the burden to prove beyond a reasonable doubt that the confession was voluntary. Payton v.State, 897 So.2d 921, 935 (¶ 30) (Miss. 2003). "The State meets its burden and makes a prima facie case when an officer or other person who has knowledge of the facts testifies that the confession was made voluntarily, without threats, coercion, or offer of reward." Id. (citing Dancer v. State,721 So.2d 583, 587 (¶ 17) (Miss. 1998)). Here, Officer Smith's testimony met the State's burden. Officer Smith testified that he did not coerce or promise anything to Mooney in exchange for the statements. Officer Smith's testimony was corroborated by Officers Williams and Flake, who testified that they did not hear Smith attempt to coerce Mooney or promise him anything. Thus, the State met its burden of proving a prima facie case of voluntariness. Without any other evidence to the contrary, this evidence was enough to establish that Mooney's statement to Officer Smith was voluntary.
 ¶ 9. Mooney argues that he had not waived his right to counsel or his right against self-incrimination. "The right to have an attorney present must be `specifically invoked.'"Holland v. State, 587 So.2d 848, 856 (Miss. 1991) (quoting Edwards v. Arizona, 451 U.S. 477, 482,101 S.Ct. 1880, 68 L.Ed.2d 378 (1981)). Also, if the right to remain silent is invoked, "the interrogation must cease."Holland, 587 So.2d at 855 (citing Edwards,451 U.S. at 482, 101 S.Ct. 1880). Each of these rights must be invoked and once they are invoked, interrogation must cease. There is no evidence from the record that suggests Mooney even attempted to invoke either of these rights. Thus, this argument that the confession was involuntary due to failure to waive either right is without merit.
 ¶ 10. Mooney also argues that the confession came at a different time and place from when he was informed of hisMiranda rights. Officer Smith testified that the confession occurred only five to ten minutes after Mooney had been advised of his Miranda rights. Further, the incriminating statements were given to the same officer that read Mooney his Miranda rights. The supreme court has held that five to ten minutes constituted a pause in questioning that "did not require a renewal of Miranda warnings."Taylor v. State, 789 So.2d 787, 794 (¶ 28) (Miss. 2001). Officer Smith testified that during the conversation with Mooney he reminded Mooney of his Miranda rights. Even without this reminder, the brief pause between the issuing of the Miranda warnings and the confession did not amount to enough time to warrant a renewal of the *Page 630 Miranda warnings. This issue is also without merit.
 ¶ 11. The trial court did not abuse its discretion in finding that from the totality of the circumstances that the confession was voluntary and allowing it to be presented to the jury. McGowan v. State, 706 So.2d 231, 235 (¶ 12) (Miss. 1997). Therefore, we find no error and affirm.
 ¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKECOUNTY OF CONVICTION OF POSSESSION OF METHAMPHETAMINE ANDSENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPIDEPARTMENT OF CORRECTIONS AND PAY A FINE OF $1,500 IS AFFIRMED.ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.