# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 98-CT-00303-SCT

*CEDRIC CARTER*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 01/23/1998 |
| TRIAL JUDGE: | HON. KEITH STARRETT |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT T. ALLRED, III |
| DISTRICT ATTORNEY: | DUNN LAMPTON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND RENDERED - 01/20/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/10/2000 |

## EN BANC.

## COBB, JUSTICE, FOR THE COURT:

¶1. Cedric Carter, a first offender, pled guilty to manslaughter on July 1, 1994. He was sentenced to the statutory maximum of 20 years in prison but with six months suspended. He was also sentenced to five years probation. On January 21, 1998, Carter filed a motion for post-conviction relief in the trial court, asserting that the combination of the prison time and the probationary term constituted an illegal sentence because the overall length exceeded the 20 year maximum. The trial court denied the motion on grounds that the petition was time barred. The Court of Appeals initially affirmed but, after rehearing, reversed and remanded for re-sentencing because of this Court's intervening decision in *Goss v. State*, 721 So. 2d 144 (Miss. 1998). *Carter v. State*, No. 98-CP-00303-COA, 1999 WL 228861 (Miss. Cr. App. Apr. 20, 1999).

¶2. Because the appellate decision was issued on Carter's motion for rehearing, the State did not file a second motion for rehearing prior to seeking review on writ of certiorari. M.R.A.P. 17(b) provides:

> A party seeking review of a judgment of the Court of Appeals must first seek review of that court's decision by filing a motion for rehearing in the Court of Appeals. If a party seeks review in the Supreme Court, a petition for writ of certiorari for review of the decision of the Court of Appeals must be filed in the Supreme Court and served on other parties within fourteen (14) days from the

date of entry of judgment by the Court of Appeals on the motion for rehearing, unless such time be extended upon motion filed within such time. . . .

The rule does not provide that a successive motion for rehearing be filed by the party aggrieved by a decision issued on rehearing, and the State filed its petition for writ of certiorari within fourteen days of the decision's issuance. To the extent that M.R.A.P. 17(b) literally requires that a motion for rehearing be filed under any circumstances prior to seeking review, we suspend that rule in the present case pursuant to the authority of M.R.A.P. 2(c).

¶3. To determine the proper course of action in the present case, we first carefully review our decision in *Goss*. Daniel Goss, a prior felon, entered a plea of guilty on May 15, 1995, to burglary and was sentenced to ten years in prison with three years suspended plus a five year probation even though, as a repeat offender, Goss was not eligible for probation. The statutory maximum sentence for burglary of a dwelling is ten years pursuant to Miss. Code Ann. § 97-17-27(1994). In 1997, Goss filed a motion for post-conviction relief which was denied by the trial court. Goss appealed and argued that his combined sentence and probation exceeded the statutory maximum. Although this Court found that the probation itself was not in excess of Miss. Code Ann. § 47-7-37 (Supp. 1999)(5 year maximum probation) and that Miss. Code Ann. § 47-7-34 (Supp. 1999) was not applicable, we vacated the sentence and remanded the matter for re-sentencing. This Court found "the sentence in its totality violates the limits imposed by the statutes and offends the intent of the legislature in restricting the duration of punishment imposed by the courts." 721 So. 2d at 145. This Court concluded that, "[t]he sentence imposed by the trial court was erroneous due to the possibility that Goss would serve more than ten years for the crime of burglary of a dwelling as prescribed by Miss. Code Ann. § 97-17-27." *Id.* at 147.

¶4. Miss. Code Ann. § 47-7-34 created the post-release supervision program which provides for a term of post-release supervision in addition to any term of incarceration imposed upon those already convicted of a felony. The program creates a split-sentencing option for repeat offenders. The program is different from § 47-7-33(1993) probation in that it does not allow the combined terms to exceed the statutory maximum period of incarceration. Post-release supervision is a legislative creation separate and distinct from probation. This is evidenced by the statutory provision that a "period of post-release supervision shall be conducted in the same manner as a like period of supervised probation. . . ." Miss. Code Ann. § 47-7-34(2)(Supp. 1999).

¶5. Probation under § 47-7-33 is a conditional term that is not a part of the prison sentence and is therefore not subject to the "totality" of sentence concept found in § 47-7-34. In *Moore v. State*, 585 So.2d 738, 741 (Miss. 1991), this Court stated that "'[p]robation' denotes a release of the defendant, under suspension of sentence, into the community under the supervision of a probation officer." There, this Court distinguished the differences between probation and parole, as follows:

There is a distinction between release on probation by the circuit or county courts, Miss. Code Ann. § 47-7-33 (1972) and release on parole by the State Parole Board. The authority to place a prisoner on *parole* and the subsequent revocation of parole is vested in the State Parole Board. The board has the exclusive responsibility for the granting of parole as well as the exclusive authority for the revocation of parole. *See* Miss. Code Ann. § 47-7-5(3) (Supp.1990).

Miss. Code Ann. § 47-7-33 (1972), on the other hand, authorizes a circuit or county court "... to suspend the imposition or execution of sentence, and place the defendant on *probation* ..." *See*

*Sisson v. State*, 483 So.2d 1338 (Miss.1986); *Leonard v. State*, 271 So.2d 445 (Miss.1973).

> Likewise, Miss. Code Ann. § 47-7-37 grants to the circuit and county courts the authority to revoke probation. It provides that "[t]he period of probation shall be fixed by the court, and may at any time be extended or terminated by the court, or judge in vacation [but] [s]uch period with any extension *shall not exceed five (5) years.*" *See Leonard v. State*, *supra*. This statute does not say that a suspended sentence must be revoked within five (5) years after initial sentencing. Rather, it says the maximum duration for the period of probation shall not exceed five (5) years.

*Id*. at 740-41.

¶6. The *Moore* Court ultimately held that Moore's parole was a "by-product of the fifteen (15) year unsuspended portion of his sentence" and his probation was "a by-product of the fifteen (15) year suspended portion of the original sentence." *Id*. at 741.

¶7. Miss. Code Ann. § 47-7-37 (Supp. 1999) provides, in pertinent part, that "[n]o part of the time that one is on probation shall be considered as any part of the time that he shall be sentenced to serve." In brief, a probationary period does not equal time served. Carter was sentenced under Miss. Code Ann. § 97-3-25 (1994) which states that "[a]ny person convicted of manslaughter shall be fined in a sum not less than five hundred dollars, or imprisoned in the county jail not more than one year, or both, or **in the penitentiary** not less than two years, nor more than twenty years." (emphasis added). Our decision turns on the explicit wording of the statutory scheme. The plain language computes the statutory maximum of the sentence based on time actually served in the county jail or penitentiary. Absent parole or some other intervening circumstance, Carter will serve nineteen and one-half years in the penitentiary. Further, if he violates the conditions of his five-year probationary period, he would also have to serve the one-half year suspended, resulting in a total of twenty years served, but no more.

¶8. This Court attempted to distinguish *Goss* in [*Wilson v. State*, 735 So.2d 290 (Miss. 1999)](#). In *Wilson*, this Court stated that "[t]he *Goss* reasoning should not be expanded beyond its facts since other statutes exist which allow for suspended sentences, lengthy probationary periods, and other sentencing options. See, e.g., §§ 43-21-625; 47-7-37 Miss. Code Ann."[1] *Id.* at 292. Even though Goss was sentenced under Section 47-7-33, this Court held that sentence time plus probation time is limited to the maximum sentence. The subsequent effect of the *Goss* holding has been to restrict unnecessarily the trial courts' ability to impose a split-sentence upon a previously convicted felon. This Court's holding in *Goss* that "the sentence in its totality violates the limits imposed by the statutes and offends the intent of the legislature in restricting the duration of punishment imposed by the courts" is incorrect and is therefore overruled.

¶9. In the present case, Carter's sentence of nineteen and one-half years incarceration and six months suspended plus five years of probation does not equate to twenty-five years of time-served, and the sentence is not in violation of the statute. The judgment of the Court of Appeals is, therefore, reversed and rendered, and the judgment of the Pike County Circuit is reinstated.

¶10. **REVERSED AND RENDERED.**

**PITTMAN, P.J., BANKS, SMITH AND WALLER, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY. MILLS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PRATHER, C.J.**

## SULLIVAN, P.J., NOT PARTICIPATING.

## MILLS, JUSTICE, DISSENTING:

¶11. I am sympathetic with the difficulty that this Court and the trial courts have endured in our mutual attempts to comply with Miss. Code Ann. § 47-7-33 (1993) which states in pertinent part:

When it appears to the satisfaction of any circuit court or county court in the state of Mississippi, having original jurisdiction over criminal actions, or to the judge thereof, that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court, in term time or in vacation, shall have the power, after conviction or a plea of guilty, except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof, **to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided,** except that the court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence. **In placing any defendant on probation, the court, or judge, shall direct that such defendant be under the supervision of the department of corrections.**

(emphasis added).

¶12. This statute either incorrectly or inadvertently equates probation with suspension of sentence. There is a difference between the two. Under probation the court releases the defendant into the community under the supervision of a probation officer. The defendant's freedom after conviction is subject to the condition that for a stipulated period of time he shall conduct himself in a manner approved by a special officer to whom he must make periodic reports. *Black's Law Dictionary*, 1082 (5th ed. 1979). A suspended sentence is one that is given formally but not actually served. The defendant is not required, at the time the sentence is imposed, to actually serve the sentence. This suspension is contingent upon the good behavior of the defendant. *Id.* at 1223, 1297. Under a suspended sentence the defendant is not required to report to an officer as he is while on probation. However, the trial court does possess the power to revoke the suspended sentence.

¶13. Clearly, the obligations, duties and expectations of the defendant on probation are distinct from a defendant's responsibilities while "serving" a suspended sentence. Furthermore, a trial court may impose a suspended sentence for a term up to the maximum sentence allowed by law. Under Mississippi law, a trial court may only impose probation for a maximum of five (5) years. Miss. Code Ann. § 47-7-37 (Supp. 1999). In spite of these differences between the suspended sentence and probation, section 47-7-33 confuses suspended sentences and probation and treats them as one in the same. This is evidenced by the language, ". . . to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided . . . ." Miss Code Ann. § 47-7-33 (1993). A suspension of a sentence does not automatically mean that the defendant will be on probation and under a duty to report to a probation officer. It simply means that part of his entire sentence has been postponed pending the defendant's good behavior or such other conditions as the court may see fit to establish.

¶14. The majority's reading of this statute concludes that "probation . . . is a conditional term imposed in lieu of, rather than in addition to, a sentence . . . ." The majority regards a sentence of probation as a suspended sentence. Inasmuch as the majority's conclusion is consistent with the language of section 47-7-33 I must

reluctantly agree. However, that is not to say that I concur in the result. The fact remains that these two sentencing options are discreet concepts. Section 47-7-33 uses suspended sentence and probation interchangeably in obvious derogation to the plain meaning of the words. Inasmuch as the statute fails to distinguish between a suspended sentence and probation, we are obligated to interpret the statute to give a consistent meaning to each of the statutes related to and concerning these two concepts. Furthermore, and perhaps more importantly, when the meaning of a statute is unclear we are compelled to interpret it in a manner most consistent with rights of individuals rather than the convenience of the State. Accordingly, I must insist that Carter's sentence as imposed by the trial court exceeds the statutory maximum and is therefore in error. Ultimately, this is a matter of law to be determined in the halls of the legislature not a matter of justice to be determined in court.

### PRATHER, C.J., JOINS THIS OPINION.

1. The *Goss* ruling has also adversely affected the trial judges' ability to utilize fully other sentencing options such as those contemplated in Miss. Code Ann. §§ 99-15-25 (1994) and -26.(Supp. 1999).