802 So.2d 110 (2001)
Raymond JOHNSON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01640-COA.
Court of Appeals of Mississippi.
December 11, 2001.
Raymond Johnson, Appellant Pro Se.
Office of the Attorney General by John R. Henry Jr., for Appellee.
Before SOUTHWICK, P.J., BRIDGES, LEE, and CHANDLER, JJ.
LEE, J., for the Court.
¶ 1. Raymond Johnson was indicted for felony driving under the influence. Thereafter, Johnson entered a plea of guilty to the charge and was sentenced to a term of *111 five years with four years suspended and one year to be served in the custody of the Mississippi Department of Corrections. Upon release from the Mississippi Department of Corrections, Johnson was placed under three years of post-release supervision by the Mississippi Department of Corrections. The supervision was based on several conditions, some of which Johnson confessed he breached. Therefore, Johnson was returned to the Mississippi Department of Corrections to serve the four year sentence which had previously been suspended. Johnson filed a petition for post-conviction collateral relief which was denied by the trial judge. Thereafter, Johnson filed a timely pro se appeal and presents the following issue: whether the sentence imposed by the trial judge exceeded the maximum allowed by law.

FACTS
¶ 2. Johnson pled guilty to the felony of a third offense of driving under the influence. Johnson was sentenced as stated above for this crime. However, while Johnson was on probation, a petition for revocation of probation was filed, and Johnson confessed that he had breached some of the conditions of his probation. Therefore, the trial judge entered an order revoking the probation and sentenced Johnson to serve four years in the Mississippi Department of Corrections.
¶ 3. Thereafter, Johnson filed a petition for post-conviction collateral relief which the trial judge denied without conducting an evidentiary hearing.

DISCUSSION

I. WHETHER THE SENTENCE IMPOSED BY THE TRIAL JUDGE EXCEEDED THE MAXIMUM ALLOWED BY LAW.
¶ 4. Johnson argues that the trial court erred in sentencing him because he received an eight year sentence as opposed to a five year sentencea five year sentence being the maximum sentence allowable under Miss.Code Ann. § 63-11-30(1)(a), (2)(c) (Supp. 2000). Johnson cites the cases of Goss v. State, 721 So.2d 144 (Miss.1998), and Carter v. State, 754 So.2d 1207 (Miss.2000), to support his contention that the sentence imposed is in excess of the maximum allowed by law. Additionally, Johnson argues that pursuant to the language of Miss.Code Ann. § 47-7-34 (Rev. 2000) he is entitled to have the fifteen months that he served on post-release supervision deducted from the four year suspended sentence that was reinstated by the trial judge.
¶ 5. Mississippi Code Annotated § 63-11-30(2)(c) (Supp.2000) addresses the sentencing for a third conviction of driving under the influence and provides for imprisonment of not less than one year nor more that five years.
¶ 6. The State argues that the sentence which is currently being served by Johnson is within the statutory sentencing guidelines of Miss.Code Ann. § 63-11-30(2)(c) (Supp.2000) and was authorized by Miss.Code Ann. § 47-7-34 (Rev. 2000). The State contends that the one year period that was served in the Mississippi Department of Corrections and the four year period that was suspended equaled five years which is allowed by § 63-11-30(2)(c). Accordingly, the three years of post-release supervision was not an additional period to be added to the aforementioned years, but simply was the time which Johnson would be under post-release supervision. Additionally, the State asserts that his sentence was less than five years because he was only under post-release supervision for three of the remaining four years imposed by the trial judge.
*112 ¶ 7. For the reasons asserted by the State, we agree that the sentence imposed did not exceed the five year maximum sentence allowed by Miss.Code Ann. § 63-11-30(2)(c) or violate the language of § 47-7-34. Having reached this conclusion, we look to the case of Goss v. State, 721 So.2d 144 (Miss.1998), which was cited by Johnson to support his argument.
¶ 8. A review of Goss, reveals that Johnson's argument is misplaced and offers him no relief. Johnson has failed to follow the complete history of Goss v. State and Carter v. State.
¶ 9. In Carter v. State, the Mississippi Supreme Court held that the holding in Goss v. State, was overruled. Carter v. State, 754 So.2d 1207, 1210(¶ 8) (Miss. 2000). In Carter, the Mississippi Supreme Court addressed the issue of probation and whether the probation imposed on Carter caused his sentence to exceed the maximum allowed by law. Id. at (¶ 1). Carter is not directly applicable to the case at bar because it dealt with the issue of probation, as opposed to post-release supervision. The Mississippi Supreme Court has acknowledged that post-release supervision is different from probation because it does not allow the combined terms to exceed the maximum sentence allowed by the statute in question. Id. at (¶ 4). Consequently, as discussed earlier, Johnson's sentence does not exceed the maximum sentence allowed by statute; therefore, the holding in Carter provides no support for Johnson's argument, and this issue is without merit. Nonetheless, in addition to this argument, Johnson has asserted that he was entitled to credit for the fifteen months he had spent in the post-release program prior to the revocation.
¶ 10. The record reflects that Johnson was under "post-release supervision" as opposed to probation. However, for purposes of dealing with the issue of the revocation and the proper allowance for time served, the procedures are governed just as those for supervised probation. See Miss.Code Ann. §§ 47-7-34(2) & 47-7-37 (Rev. 2000). With this in mind, § 47-7-37 states:
Thereupon, or upon an arrest by warrant as herein provided, the court, in term time or vacation, shall cause the probationer to be brought before it and may continue or revoke all or any part of the probation or the suspension of sentence, and may cause the sentence imposed to be executed or may impose any part of the sentence which might have been imposed at the time of the conviction.
This pronouncement is reinforced by the Mississippi Supreme Court case of Wilson v. State, where a similar issue was raised. Wilson v. State, 735 So.2d 290 (¶¶ 4-7) (Miss.1999). Wilson argued that the trial court erred when it reimposed the eight year suspended sentence. Id. at (¶ 4). The following is an excerpt of the facts and the court's conclusion:
Wilson was released from Parchman on March 19, 1993, after serving two concurrent years. On March 26, 1996, the State of Mississippi petitioned the Circuit Court of Panola County to revoke Wilson's armed robbery suspended sentence after he was charged with grand larceny and possession of a firearm by a convicted felon. The Court revoked Wilson's suspended sentence following a hearing on August 9, 1996, and reinstated Wilson's eight-year armed robbery sentence.
Wilson's sentence was reimposed three years, four months, and twenty-one days after he was discharged on March 19, 1993.
The courts are empowered to revoke any or all of the defendant's probation or any part or all of the suspended *113 sentence if, during the period of probation, it is found that the defendant violated the conditions of his probation/suspended sentence.
Id. (citations omitted). Therefore, there is no merit to this assignment of error.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.