845 So.2d 713 (2003)
Gregory Paxton PAYTON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00347-COA.
Court of Appeals of Mississippi.
May 6, 2003.
*715 Gregory Paxton Payton (pro se), attorney for appellant.
Office of the Attorney General by Charles W. Maris, attorney for appellee.
Before McMILLIN, C.J., BRIDGES and GRIFFIS, JJ.
GRIFFIS, J., for the court.
¶ 1. Gregory Paxton Payton petitioned the Harrison County Circuit Court for post-conviction relief. The circuit court denied the petition, and Payton appealed asserting several assignments of error. We find no error and affirm.
¶ 2. Payton was indicted for rape in June of 1989. After a trial on the merits, Payton was convicted and sentenced to serve a term of thirty-five years. On appeal, the Mississippi Supreme Court affirmed the conviction and sentence imposed. Payton v. State, 610 So.2d 389 (Miss.1992).
¶ 3. Payton then filed his petition for post-conviction relief. The circuit court denied the petition, and he appealed. The supreme court reversed the decision on the grounds that Payton's attorney rendered ineffective assistance of counsel by failing to investigate the facts and circumstances of the case. Payton v. State, 708 So.2d 559, 560(¶ 1) (Miss.1998). Payton's conviction and sentence were vacated, and the case was remanded for a new trial. Id.
¶ 4. After remand, Payton pled guilty and the State recommended that he receive a sentence of thirty-five years' imprisonment, with fifteen years suspended and five years' probation. The circuit court accepted the plea and the State's sentencing recommendation. Payton was subsequently released on probation.
¶ 5. In 2001, Payton was convicted of two counts of indecent exposure. On June 4, 2001, the circuit court held a revocation hearing. Payton admitted that he had been convicted of indecent exposure, and the court addressed the fact that Payton had failed to register as a sex offender. The circuit court revoked Payton's probation based on the two convictions of indecent exposure, instead of the failure to register as a sex offender. The court held that the convictions proved, by a preponderance of the evidence, that Payton had violated the terms of his probation, which required him to refrain from committing any crime. Payton's probation was revoked.
¶ 6. On September 24, 2001, Payton filed another petition for post-conviction relief. He asked the court to vacate his guilty plea on the crime of rape and the thirty-five year sentence. The petition was denied, resulting in this appeal.

Legal Analysis
I. Whether Payton's guilty plea was made voluntarily and knowingly.
¶ 7. A plea is considered "voluntary and intelligent" if the defendant is advised about the nature of the charge against him and the consequences of the entry of the plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). The defendant must be instructed that a guilty plea waives his rights to a jury trial, to confront *716 adverse witnesses, and to protection against self-incrimination. Id.
¶ 8. To succeed in his petition, the defendant bears the burden of proving by a preponderance of the evidence that he is entitled to post-conviction relief. McClendon v. State, 539 So.2d 1375, 1377 (Miss. 1989). "Once the trial judge has determined at a preliminary hearing that a confession is admissible, the defendant/appellant has a heavy burden in attempting to reverse that decision on appeal." Sills v. State, 634 So.2d 124, 126 (Miss.1994) (quoting Frost v. State, 483 So.2d 1345, 1350 (Miss.1986)). "Such findings are treated as findings of fact made by a trial judge sitting without a jury as in any other context. As long as the trial judge applied the correct legal standards, his decision will not be reversed on appeal unless it is manifestly in error, or is contrary to the overwhelming weight of the evidence." Foster v. State, 639 So.2d 1263, 1281 (Miss. 1994).
¶ 9. Payton claims that the only reason he pled guilty was because his attorney erroneously advised him to do so. Payton argues that because his attorney failed to tell him that the State was going to give him a thirty-five year sentence, with fifteen years suspended, twenty years to serve and five years on probation, this amounted to an involuntary guilty plea.
¶ 10. We find no merit in this argument. Indeed, the argument contradicts the lengthy and explicit record of the guilty plea. First, in his petition to enter a plea of guilty, Payton set forth that: (1) his attorney had counseled and advised him on the nature of the charge, on any and all lesser-included charges, and on all possible defenses; (2) he understood his constitutional rights, and he understood that if he pled guilty he would waive his constitutional rights as enumerated; (3) he understood the range of sentences he could receive if he pled guilty; (4) he knew that the sentence was in the discretion of the court, but that the district attorney would recommend a sentence of thirty-five years, with all but twenty years suspended and five years' probation; and (5) that he believed his lawyer had done all that anyone could do to assist him and that he was satisfied with his lawyer.
¶ 11. Second, the circuit judge gave a very careful and detailed explanation to Payton about what exactly was involved if he pled guilty to rape. The court asked Payton if he had read and signed the petition to enter a guilty plea. Payton replied that he had and acknowledged that it was true and correct. Payton acknowledged that he fully understood all of his constitutional rights. Payton stated that his attorney had reviewed the petition with him and had explained his rights to him, to his satisfaction. Payton told the court he could read and write. Payton acknowledged that his plea was offered freely and voluntarily without any threat or promise having been made to him. Payton acknowledged that he understood that the court could sentence him to a maximum term of imprisonment of one day less than life and a fine of $10,000. Payton understood that, although a sentencing recommendation would be made, the court was not bound to follow the recommendation. Payton then explained the circumstances surrounding the crime, apologized and asked the court to follow the State's sentencing recommendation. The prosecutor then made the agreed upon recommendation and told Payton that if his probation were revoked, he would be required to serve the remainder of the thirty-five year sentence. Payton acknowledged his understanding.
¶ 12. Finally, the circuit judge was astonished that Payton would enter a plea after he had received a successful determination *717 on his appeal to the Mississippi Supreme Court. The judge made a determined effort to ensure Payton's plea was voluntarily and knowingly made. Indeed, the following exchange occurred between the judge and Payton:
THE COURT: I'm really surprised you're entering this plea of guilty. I was really surprised last week when I found out this motion was being put back on the docket. Why are you entering this plea? Are you entering the plea simply because you feel like the time you already have in the system you'll be getting out soon, and that is the only reason?
PAYTON: Yes, Your Honor.
THE COURT: Do you understandI mean, I'll accept your plea for whatever reason you want to do it. Do you understand if you are actually revoked while on probation, if I follow that recommendation, you'll wind up serving the remaining portion of that thirty-five year sentence?
PAYTON: Yes, Your Honor.
THE COURT: Are you willing to take that chance?
PAYTON: Well, Your honor, I believe that if I'm let out in society that I can live my life according to the standards of society.
THE COURT: If you go to trial and you're found not guilty, you don't have to worry about anybody looking over your shoulder. And you're willing to waive your right to a jury trial now after having, on your own, filed your pro se motion for post-conviction collateral relief and getting the Supreme Court to overturn your conviction after they had affirmed the decision?
PAYTON: Well, Your Honor, I don't want to go through the same thing twice, soI wouldn't want to take that chance.
¶ 13. The record is clear that the circuit judge fully explained to Payton the nature of the charges and the consequences of his guilty plea. In fact, because of the circumstances, the circuit judge took extra precaution to make sure that Payton fully understood the ramifications of pleading guilty to the charge of rape. Therefore, we conclude that the circuit court did not commit error in denying relief on this assignment of error.
II. Whether Payton is being unlawfully held in custody.
¶ 14. Payton contends that his five year sentence of probation was illegal. We find this issue is procedurally barred. Miss.Code Ann. § 99-39-21(1) (Rev.2000), in pertinent part, provides "[f]ailure by a prisoner to raise objections, defenses, claims, questions, issues, or errors either in fact or in law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred...." Because Payton did not raise this issue at the time he was sentenced, he waived its consideration on a motion for post-conviction relief or an appeal from the denial therefrom.
¶ 15. Furthermore, this assignment of error lacks merit. Payton contends that he was sentenced to serve time in custody followed by a period of post-release supervision. He argues that because he was released from custody it was illegal for him to have been required to comply with the court ordered probation. As a general rule, a sentence imposed will not be disturbed on appeal as long as it does not exceed the maximum term allowed by statute. Corley v. State, 536 So.2d 1314, 1319 (Miss.1988). The sentence *718 imposed was within the statutory limit. Miss.Code Ann. § 97-3-71 (Rev. 2000). Statutes governing parole contain no mandatory language, but instead employ the permissive term "may" rather than the term "shall." Thus, prisoners have no constitutionally recognized liberty interest in parole. Vice v. State, 679 So.2d 205, 208 (Miss.1996). Additionally, Mississippi law provides for the imposition of up to five years' post-release supervision following time in the custody of the Department of Corrections. Miss.Code Ann. § 47-7-37 (Rev.2000). Payton failed to establish that he is being held unlawfully in custody. Accordingly, this assignment of error is without merit.
III. Whether Payton's attorney rendered ineffective assistance.
¶ 16. "To establish ineffective assistance of counsel, the client must prove that his counsel's performance was deficient and that the deficiency prejudiced the defense of the case." Sharp v. State, 786 So.2d 372, 374(¶ 25) (Miss.2001) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Defense counsel is presumed competent and the burden of proving both elements of this test rests with the defendant. Hansen v. State, 649 So.2d 1256, 1258 (Miss.1994).
¶ 17. Payton argues that his counsel was ineffective because of threats and promises made in order to force Payton to plead guilty. Payton also claims that his attorney was ineffective because he failed to pursue the "bond issue." Mississippi law creates a strong presumption "that trial counsel's conduct is within the wide range of reasonable conduct and that decisions made by trial counsel are strategic." Vielee v. State, 653 So.2d 920, 922 (Miss.1995). We find that this claim is not substantiated in the record. Having twice appealed to the supreme court, once successfully, Payton was aware of his rights and would not allow himself to be "threatened" into a guilty plea. In his petition to enter a plea of guilty and in open court, Payton stated that he was satisfied with the assistance and counsel his attorney provided. Furthermore, we do not believe that whether or not Payton received a second hearing on the issue of a bond rises to the level of prejudice to the defense of his case. Payton has failed to satisfy both prongs of the Strickland test and his arguments are without merit.
IV. Whether the State violated Payton's plea agreement.
¶ 18. Payton next argues that he was not required to register as a sex offender under the plea agreement. Any person, residing in this state, who has been convicted of any sex offense must register with the Mississippi Department of Public Safety. Miss.Code Ann. § 45-33-25 (Supp.2002). Payton asserts that the sentencing judge ordered that he did not have to comply with sex offender registration. Neither the record nor the court's order substantiate this statement. Indeed, there is no evidence that would indicate that any such statement was made or instruction was ever given by the judge. Payton also contends that his counsel told him that the prosecutor and the judge agreed that he would not have to register as a sex offender. Payton has failed to attach an affidavit to that effect from his counsel as required under Miss.Code Ann. § 99-39-9(1)(e) (Supp.2002).
¶ 19. It is fundamental that this Court will only consider facts found within the trial record. Colenburg v. State, 735 So.2d 1099(¶ 6) (Miss.Ct.App. 1999). This Court does not rely on assertions made in briefs, but only on facts preserved within a record certified by law. Henderson v. State, 783 So.2d 769(¶ 4) *719 (Miss.Ct.App.2001). Accordingly, this assignment of error is without merit.

V. Whether Payton's probation was unlawfully revoked.
¶ 20. Payton further complains that his probation was unlawfully revoked, claiming that he was not aware of the date of his revocation hearing until he was taken to the hearing and, thus, had no opportunity to prepare. He does not dispute, however, that he signed a waiver to preliminary probation revocation hearing and that, in this document, he was informed of the violation alleged. Payton contends that he could have produced documents at the hearing that would have "helped" him in his case. However, Payton fails to identify the documents or to provide them in support of his motion. Additionally, he claims that the documents dealt with whether he was required to register as a sex offender. The court declined to use the charge of failure to properly register as a sex offender as a basis for Payton's revocation. Clearly, these documents would have had no effect on the outcome of the hearing.
¶ 21. Payton also contends that, had he known he was going to go before the court for revocation hearing, he would have had legal counsel represent him at the hearing, although there is no right to have counsel present at a revocation hearing. Moreover, the record reflects he had not hired an attorney to represent him at the hearing.
¶ 22. The minimum due process requirements applicable to probation revocation hearings were set forth by the United States Supreme Court in Gagnon v. Scarpelli, 411 U.S. 778, 781-82, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and were incorporated into Mississippi law through Miss.Code Ann. § 47-7-37 (Rev.2000). These requirements are: (1) written notice of the claimed violations of probation; (2) disclosure to the probationer of the evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer finds good cause for not allowing such confrontation); (5) a neutral and detached hearing body or officer; and (6) a written statement by the fact finder as to the evidence relied on and reasons for revoking the probation.
¶ 23. We find that Payton was accorded the minimum due process requirements to which he was entitled at his revocation hearing. He signed the waiver of preliminary hearing on April 3, 2001, which contained the charges against him. His revocation hearing was not held until June 4, 2001, some two months later. It was in June that he was brought before the court, the evidence against him was presented and he was given the opportunity to be heard on the matter. At this revocation hearing, Payton was afforded all due process rights to which he was entitled. This claim for relief is without merit.
VI. Whether Payton's sentence was illegal because the term imposed potentially requires him to remain in custody longer than his statistical life expectancy, whether it is in contradiction with Goss v. State, or whether it is indefinite.
¶ 24. As stated earlier, this issue is procedurally barred under Miss.Code Ann. § 99-39-21 (Rev.2000.) Payton did not raise these issues at the time he was sentenced; therefore, he has waived them for consideration on a post-conviction motion or an appeal. However, this Court finds that, even if the claim was not barred procedurally, it lacks merit.
¶ 25. First, Payton argues that this sentence exceeds his life expectancy. *720 This claim is based on Stewart v. State, 372 So.2d 257 (Miss.1979), and Lee v. State, 322 So.2d 751 (Miss.1975). In these cases the supreme court has held that in certain situations, including rape cases, a trial court may not sentence a defendant to a term of years which is tantamount to a life sentence. In this case, Payton was originally convicted of rape in 1990, and at that time received a sentence of thirty-five years. In 1998, the supreme court reversed the lower court's denial of Payton's request for post-conviction relief and remanded the case for a new trial. Payton thereafter pled guilty to rape in October of 1998 and received his current sentence of thirty-five years in prison, with fifteen years suspended. Payton was thirty-three years old when he was sentenced in 1998. Payton claims that at that time, his life expectancy was sixty-eight years. Payton argues that because thirty-three plus thirty-five is equal to sixty-eight, this sentence exceeds his life expectancy. There is, however, one flaw in Payton's argument. At the time of his sentencing, he had already served and received credit for eight and a half years in prison. Therefore, Payton would be fifty-nine and a half years of age on his actual date of release.
¶ 26. Payton further submits that his sentence is in direct contrast to the holding in Goss v. State, 721 So.2d 144 (Miss. 1998). However, the portion of the Goss opinion to which Payton refers has been expressly overruled in the case of Carter v. State, 754 So.2d 1207 (Miss.2000). In Payton's brief he quotes the following section from Goss, "the sentence in its totality violates the limits imposed by the statutes and offends the intent of the legislature in restricting the duration of punishment imposed by the courts." Goss, 721 So.2d at 145(¶ 6). In Carter, the supreme court quoted this exact portion and stated that it "is incorrect and is therefore overruled." Carter, 754 So.2d at 1210(¶ 8).
¶ 27. Finally, Payton argues that his sentence is indefinite due to the fact that a portion of it was suspended. We find that Payton's sentence represents the proper application of Miss.Code Ann. § 47-7-33 (Rev.2000). Therefore, this issue lacks merit.
¶ 28. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.