872 So.2d 96 (2004)
Dennis BROWN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00139-COA.
Court of Appeals of Mississippi.
April 27, 2004.
*97 Dennis Brown, pro se.
Office of The Attorney General by Charles W. Maris, attorney for appellee.
Before KING, P.J., THOMAS and MYERS, JJ.
KING, P.J., for the Court.
¶ 1. Dennis Brown, pro se, appeals the denial of his request for post-conviction relief by the Benton County Circuit Court. Brown asserts the following issue on appeal, which is quoted verbatim from his brief:
I. Appellant has been denied his constitutionally protected rights to be free from this illegally sentence/imprisonment, and without due process of law, rights to confront "obtain" witness, rights to have effective assistance of counsel, rights to be trial by a jury, rights to be free from cruel and unusual punishments, rights to equal protection.
Finding no error, this Court affirms.

FACTS
¶ 2. On March 17, 1998, Dennis Brown pled guilty to the crime of embezzlement and pursuant to Mississippi Code Annotated Section 97-23-19 (Rev.2000) was sentenced by the Circuit Court of Benton County to ten years in the custody of the Mississippi Department of Corrections with seven years suspended, and three years to serve; followed by five years of supervised probation. Brown was also ordered to attend drug and alcohol rehabilitation while in the custody of the Mississippi Department of Corrections, and within two years of his release, pay court costs and restitution of $1,257 to his victims.
¶ 3. Brown completed his three year sentence, was released from the custody of the Mississippi Department of Corrections, and was place on supervised probation. After failing to report to his probation officer for the months of December 2000, January 2001, and February 2001, failing to make supervision payments for the months of October 2000, December 2000, and February 2001, failure to pay court costs, failure to pay any restitution, and failure to remain within the State of Mississippi, a petition was filed to revoke Brown's probation. Although the order revoking probation is absent in the very limited record, apparently Brown's probation was revoked on August 13, 2001, by the Circuit Court of Benton County, and he was remanded to the custody of the Mississippi Department of Corrections to serve the remaining seven years of his previously suspended sentence.
¶ 4. On April 12, 2002, Brown filed a pro-se post-conviction motion in the Circuit Court of Benton County requesting that the court set aside his conviction. Brown alleged that the circuit court did not have jurisdiction over him and that his sentence was "illegal." On or about November 18, 2002, Brown filed a petition for writ of mandamus with the Mississippi Supreme Court, requesting that the court compel the Circuit Court of Benton County to rule on his post-conviction motion of April 12, 2002. On December 4, 2002, without conducting an evidentiary hearing, the Circuit Court of Benton County denied Brown's petition for post-conviction relief finding "petitioner was apprehended, taken into custody by the Probation and Parole officer who happened to recognize petitioner in a public place and petitioner's probation was revoked on the 13th day of August, *98 2001, and petitioner was ordered to serve that portion of his sentence that was suspended." On December 10, 2002, the Supreme Court dismissed Brown's writ of mandamus as moot since the post-conviction motion was decided by the trial judge on December 4, 2002.
¶ 5. On December 5, 2002, Brown filed his notice of appeal and requested a complete transcription of the record. By order dated January 28, 2003, the circuit court judge denied Brown's motion for a transcript of all the proceedings, but allowed him to proceed in forma pauperis and directed that the clerk prepare only "a transcript of proceedings wherein that portion of the sentence heretofore suspended was revoked by this Court and denying relief requested by Movant/Appellant's Post Conviction Collateral Relief Petition."
¶ 6. Aggrieved by the Benton County Circuit Court's dismissal of his post-conviction motion, Brown has perfected his appeal.

ANALYSIS

I.
Appellant has been denied his constitutionally protected rights to be free from this illegally sentence/imprisonment, and without due process of law, rights to confront "obtain" witness, rights to have effective assistance of counsel, rights to be trial by a jury, rights to be free from cruel and unusual punishments, rights to equal protection.
¶ 7. In his original post-conviction relief motion Brown argues that the trial court lacked jurisdiction to impose sentence, and that the three years of actual incarceration fully paid his debt to society. He now argues on appeal that the total of three years incarceration, seven years suspended, and five years of supervised probation exceeded the maximum ten-year allowable sentence for the crime of embezzlement, and was therefore illegal pursuant to Mississippi Code Annotated Section 47-7-34.[1]
¶ 8. The standard of review for a denial of a post-conviction motion is as follows: "this Court reviews a denial of post-conviction relief under an abuse of discretion standard." Mitchell v. State, 754 So.2d 519, 521(¶ 7) (Miss.Ct.App.1999). The findings of the trial court must be clearly erroneous in order to overturn a *99 lower court's denial of a post-conviction relief motion. McClinton v. State, 799 So.2d 123, 126(¶ 4) (Miss.Ct.App.2001). However, if questions of law are raised upon appeal the standard of review is de novo. Id.
¶ 9. This Court has looked with care at the original PCR motion, and given the appellant the benefit of the doubt as a pro se litigant. Having done so, it would appear that this issue is procedurally barred as having been raised for the first time on appeal. See Rivers v. State, 807 So.2d 1280-81(¶ 5) (Miss.Ct.App.2002).
¶ 10. However, should it not be procedurally barred, it lacks merit. Time spent on probation is not included in the calculation of the maximum allowable sentence. See Carter v. State, 754 So.2d 1207, 1210 (¶ 8) (Miss.2000). Although Brown relies on the holding of Goss v. State, 721 So.2d 144 (¶ 6) (Miss.1998) to support his contention that the sentence he received is in excess of the maximum allowable by law, he fails to follow the complete history of Goss in Carter. In Carter the Mississippi Supreme Court held that "a probationary period does not equal time served," and subsequently overruled Goss with the following language:
The subsequent effect of the Goss holding has been to restrict unnecessarily the trial courts' ability to impose a split sentence upon a previously convicted felon. This Court's holding in Goss that "the sentence in its totality violates the limits imposed by the statutes and offends the intent of the legislature in restricting the duration of punishment imposed by the courts" is incorrect and is therefore overruled
Carter v. State, 754 So.2d at 1210 (¶ 8).
¶ 11. Under the mandate of Carter, Brown's period of supervised release is not counted toward his time served; therefore, Brown's sentence of three years to serve, seven years suspended, and five years of post release supervision is within the ten years allowable pursuant to statute.
¶ 12. This Court also notes a lack of merit in the jurisdictional question raised in Brown's original PCR motion. The jurisdiction of the Benton County Circuit Court clearly extended to the offense committed and the place where committed.
¶ 13. Although Brown served the portion of his sentence which was not suspended, he was not released from the jurisdiction of the Benton County Circuit Court until the period of suspension expired. Because that period had not expired, the Benton County Circuit Court maintained jurisdiction to revoke the suspension, and cause Brown to serve the remainder of his sentence pursuant to Mississippi Code Annotated Section 47-7-34(2). Post-release supervision revocation is to be followed just as probation according to Mississippi Code Annotated Section 47-7-34(2), and under the probation revocation statute Mississippi Code Annotated Section 47-7-37, any sentence suspended that could be imposed at the time of sentencing can be imposed on a showing that the petitioner has violated the terms of his probation.
¶ 14. The application of these statutes was considered in Johnson v. State, 802 So.2d 110, 112(¶ 9) (Miss.Ct.App.2001). After Johnson served one year of a possible five year sentence for third conviction DUI and was place on post-release supervision, his probation was revoked and the trial judge sentenced him to the remaining four years of his previously suspended sentence. Id. Johnson argued that his sentence exceeded the statutory maximum of five years, and that the fifteen months he spent in post-release supervision prior to revocation should be deducted from the four years of his re-imposed suspended *100 sentence. Id. The trial court denied his request and on appeal this Court upheld the trial court's decision. While acknowledging that probation and post-release supervision were different in that post-release supervision, unlike probation, did not allow the combined terms to exceed the statutory maximum, we stated "for the purposes of dealing with the issue of revocation and the proper allowance for time served, the procedures are governed just as those for supervised probation." Id. at (¶ 10) This Court went on to cite to Mississippi Code Annotated Section 47-7-37 which states that after probation is revoked the court "may impose any part of the sentence which might have been imposed at the time of conviction." Id. Brown was shown to have violated his probation, and pursuant to Mississippi Code Annotated Section 47-7-37 the trial judge had the right to re-impose the previously suspended seven year sentence.
¶ 15. In the present case, Brown's sentence of three years incarceration and seven years suspended plus five years of post-release supervision does not equate to fifteen years of time-served, and the sentence is not in violation of the statute; therefore, this issue is without merit and the judgment of the Circuit Court of Benton County is affirmed.
¶ 16. THE JUDGMENT OF THE BENTON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO BENTON COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.
NOTES
[1] Miss.Code Ann. § 47-7-34. Post-Release supervision program. (1) When a court imposes a sentence upon a conviction for any felony committed after June 30, 1995, the court, in addition to any other punishment imposed if the other punishment includes a term of incarceration in a state or local correctional facility, may impose a term of post-release supervision. However, the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed. The defendant shall be placed under post-release supervision upon release from the term of incarceration. The period of supervision shall be established by the court.

(2) The period of post-release supervision shall be conducted in the same manner as a like period of supervised probation, including a requirement that the defendant shall abide by any terms and conditions as the court may establish. Failure to successfully abide by the terms and conditions shall be grounds to terminate the period of post-release supervision and to recommit the defendant to the correctional facility from which he was previously released. Procedures for termination and recommitment shall be conducted in the same manner as procedures for the revocation of probation and imposition of a suspended sentence.
(3) Post-release supervision programs shall be operated through the probation and parole unit of the Division of Community Corrections of the department. The maximum amount of time that the Mississippi Department of Corrections may supervise an offender on the post-release supervision program is five (5) years.