910 So.2d 1139 (2005)
James T. HOBSON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00660-COA.
Court of Appeals of Mississippi.
March 22, 2005.
*1140 James T. Hobson, appellant, pro se.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. James Hobson pled guilty to a charge of fondling a child in July 2002. The trial court sentenced Hobson to serve a term of fifteen years, with ten years suspended, and five years on post-release supervision.
¶ 2. Hobson filed a motion for post-conviction relief seeking to modify his sentence by deleting the ten suspended years. Hobson claimed that the sentence was illegal because it exceeded that maximum number of years provided in the statute. Hobson also argued that he received ineffective assistance of counsel because his attorney failed to object to the purportedly illegal sentence.
¶ 3. Finding that the trial court did not err in denying Hobson's motion, we affirm the judgement of the trial court.

STANDARD OF REVIEW
¶ 4. The standard of review for a denial of a post-conviction motion is well-stated: A reviewing court should not disturb a lower court's decision to deny a petition for post-conviction relief unless the court's factual findings are clearly erroneous, but where questions of law are raised the applicable standard of review is de novo. Eldridge v. State, 764 So.2d 515(¶ 8) (Miss.Ct.App.2000).

I. DID THE TRIAL COURT ERR IN DENYING HOBSON'S MOTION FOR POST-CONVICTION RELIEF?
¶ 5. Hobson pled guilty to fondling a child under the age of sixteen, in violation of Mississippi Code Annotated Section 97-5-23 (Rev.2000). Under the statute, Hobson could receive fifteen years as a maximum sentence. Miss.Code Ann. Sec. 97-5-23. Ten of the fifteen years of Hobson's sentence were suspended, therefore he will only be incarcerated for five of the fifteen years. In addition to this time, Hobson was sentenced to five years post-release supervision under Miss.Code. Ann. Sec. 47-7-34 (Rev.2004). This section provides in pertinent part, "the total number of years of incarceration plus the total number of years post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed." Miss.Code Ann. Sec. 47-7-34 (Rev.2004). Hobson argues that he was sentenced to a twenty year term, counting his five year sentence, his ten year suspended sentence, and his five years of post-release supervision. We do not agree.
¶ 6. This Court recently reviewed this issue in Brown v. State, 872 So.2d 96 (Miss.Ct.App.2004). In Brown, the defendant was sentenced to serve three years with seven years suspended, and five years of post-release supervision. Brown argued that his sentence was in excess of the ten year maximum sentence he could receive for embezzlement. This Court determined that under the mandate of Carter a defendant's period of supervised release is not counted toward his time served. Brown, *1141 872 So.2d at 99(¶ 11) (citing Carter v. State, 754 So.2d 1207, 1210 (Miss.2000)).
¶ 7. Under Brown, Hobson's sentence is well within the statutory maximum. This argument lacks merit.

II. DID HOBSON RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 8. Hobson argues that he received ineffective assistance of counsel because his attorney did not object to his illegal sentence. As established in section I of this opinion, Hobson's sentence was not illegal, therefore there is no need to address this claim.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF PONTOTOC COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PONTOTOC COUNTY EXCEPT FOR $153 PAID BY THE APPELLANT TO THE PONTOTOC COUNTY CIRCUIT CLERK'S OFFICE.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.