GRIFFIS, J.,
for the Court.
¶ 1. Christopher Gates appeals the trial court’s denial of his motion for post-conviction relief. On appeal, Gates argues that his sentence is illegal since the trial court only revoked his five year probation and did not impose the remaining balance of his sentence. We find no error and affirm.
¶ 2. On June 26,1998, Christopher Gates pled guilty to uttering forgery in violation of Mississippi Code Annotated Section 97-21-49 (Rev.2000), and was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections and to participate in the Regimented Inmate Discipline Program (RID). On December 7, 1998, after successful completion of the RID program, the Circuit Court of Lamar County amended Gates’ sentence and placed him on probation for a period of five years. Gates’ probation was subject to several terms and conditions.
*171 ¶ 3. On March 18, 2002, the trial court found that Gates had violated some of the terms and conditions of his probation and ordered that in addition to the terms and conditions already in place, Gates was to participate in the Marion County Work Program for nine months. However, Gates continued to violate several of the terms and conditions of his probation, and thus, on August 1, 2002, the trial court revoked Gates’ probation. Prior to the revocation of his probation, Gates signed a waiver entitled “Waiver of Right to Revocation Hearing.” By signing this waiver, Gates waived his right to a probation revocation hearing.
¶ 4. Gates filed a motion for post-conviction relief, which was denied by the trial court. Gates now appeals to this Court.
STANDARD OF REVIEW
¶ 5. In reviewing a trial court’s decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶3) (Miss.Ct.App.2002).
ANALYSIS
¶ 6. Gates argues that his sentence is illegal since the trial court only revoked his five year probation and did not impose the remaining balance of his sentence. Gates claims he did not understand that upon revocation of his probation, he would have to serve the remaining balance of his sentence. However, the record shows that Gates voluntarily signed a waiver entitled “Waiver of Right to Revocation Hearing.” The waiver states:
The above charges have been fully explained to me. I understand that I have an absolute right to a hearing before the Court to answer the charges. I also understand that my [sic] signing this waiver, I give up my State and Federal rights to a hearing before the Court, and that my signature is an admission of the charges contained in the Affidavit of Violation of Probation. I also understand that by signing this waiver, I have consented to an immediate revocation of my probation by the Circuit Court Judge. After due consideration of all of the above statements, I have freely and voluntarily signed this waiver without any coercion, threats, promises or inducements of any kind being made to me.
Thus, Gates clearly waived his right to a probation revocation hearing.
¶7. Gates asserts that had he known that upon revocation of his probation the remaining portion of his sentence could be imposed, he would not have signed the waiver. The record shows that Gates tested positive for marijuana and was terminated from the Marion County Work Program, in violation of his probation. Therefore, even if Gates had not signed the waiver and a probation revocation hearing was held, Gates’ probation would still have been revoked. The purpose of a probation revocation hearing is to determine whether or not probation should be revoked, not to argue or negotiate the amount of time the petitioner would then have to serve. Probation is a status, not a sentence. Gates’ sentence was determined upon conviction. Pursuant to Mississippi Code Annotated Section 47-7-37 (Rev. 2004), the trial court had the right to reimpose Gates’ previously suspended sentence upon revocation of his probation. Brown v. State, 872 So.2d 96, 100(¶ 14) (Miss.Ct.App.2004). Upon review, we find that the trial court was correct in denying Gates’ motion for post-conviction relief. Therefore, we find no error.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY *172 DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAMAR COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ„ concur.