907 So.2d 404 (2005)
Herbert Charles RICHARDSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2004-CA-00891-COA.
Court of Appeals of Mississippi.
June 21, 2005.
B. Sean Akins, attorney for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before BRIDGES, P.J., CHANDLER and ISHEE, JJ.
BRIDGES, P.J., for the Court.
¶ 1. In July of 2000, Charles Richardson pled guilty to aggravated assault and shooting into an occupied dwelling. On the aggravated assault charge, the Union County Circuit Court sentenced Richardson to twenty years in the custody of the Mississippi Department of Corrections. The circuit court suspended eleven years of the sentence and left nine years to serve. On the charge of shooting into a dwelling, the circuit court sentenced Richardson to ten years, but suspended one year, leaving nine years to serve. The circuit court set the two nine year sentences to run concurrent to one another. Additionally, the circuit court sentenced Richardson to five years of post-release "supervised probation," according to Section 47-7-34 of the Mississippi Code.
¶ 2. In July of, 2003, Richardson, pro se, filed a motion for post-conviction collateral relief. The circuit court denied Richardson's motion. Richardson obtained counsel and perfected this appeal. Aggrieved by the circuit court's dismissal of his motion for post-conviction collateral relief, Richardson appeals and cites one instance of error, listed verbatim:

I. Is a sentence of 20 years plus 5 years of post-release supervision an illegal sentence where the maximum sentence is 20 years?
*405 Because a defendant's period of supervised release is not counted towards a defendant's time served, we find no error and affirm the judgment of the circuit court.

STANDARD OF REVIEW
¶ 3. "In reviewing the trial court's decision to deny a defendant's petition for post-conviction relief, we do not disturb the trial court's findings of fact unless clearly erroneous; however, we apply the de novo standard to questions of law. Harris v. State, 757 So.2d 195(¶ 8) (Miss. 2000) (citations omitted).

ANALYSIS
¶ 4. Richardson argues that his sentence is illegal. His argument is based on the theory that his sentence, including the suspended portions of his sentence, amounts to the maximum statutory sentences. His argument depends on the proposition that his sentence, suspended portions included, plus the five year period of post-release supervision, equals a sentence of thirty-five years. He claims this violates a combined thirty year maximum sentence for the two violations.
¶ 5. The State argues that Richardson's sentence is legal. The State claims that the sentence is within the statutory limits for aggravated assault and shooting into a dwelling. According to the State, Mississippi law dictates that the actual period of incarceration is added to the period of post-release supervision when determining the total sentence. Additionally, the State asserts that it is improper to add the suspended sentence to the actual sentence and the period of post-release supervision when determining whether a defendant's sentence exceeds the statutory maximum sentence.
¶ 6. Richardson pled guilty to aggravated assault. According to Section 97-3-7(2)(b) of the Mississippi Code, a person convicted of aggravated assault "shall be punished by imprisonment in the county jail for not more that one (1) year or in the Penitentiary for no more than twenty (20) years." Miss.Code Ann. § 97-3-7(2)(b) (Rev.2000). Richardson also pled guilty to shooting into a dwelling. According to Section 97-37-29 of the Mississippi Code, when one is convicted for shooting into a dwelling, that person "shall be punished by imprisonment in the state penitentiary for a term not to exceed ten (10) years." Miss.Code Ann. § 97-37-29 (Rev.2000).
¶ 7. Accordingly, the circuit court had the option of sentencing Richardson to thirty years in the penitentiary: twenty years for aggravated assault and ten years for shooting into a dwelling. The circuit court sentenced Richardson to thirty years but suspended twelve years from the thirty year sentence and left two nine year sentences, set to run concurrently. Richardson claims that the suspended portions of the sentences, twelve years, added to the actual sentences of two concurrent nine year sentences, plus the five years of post-release supervision amounts to a sentence of thirty-five years.
¶ 8. While the circuit court sentenced Richardson to five years post-release "supervised probation," the circuit court referenced Section 47-7-34 of the Mississippi Code. Section 47-7-34 governs "post-release supervision." Post-release supervision, a legislative creation, is separate and distinct from probation. Carter v. State, 754 So.2d 1207(¶ 4) (Miss.2000).
¶ 9. The crux of Richardson's claim follows Section 47-7-34's mandate that "the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed." Miss.Code Ann. § 47-7-34(1) (Rev.2000). Richardson claims that he could conceivably serve every *406 day of his thirty year sentence and still risk being returned to the penitentiary for five additional years, should he violate his post-release supervision. He claims this violates Section 47-7-34's provision that the period of incarceration shall not exceed the maximum sentence allowed by law.
¶ 10. The State responds that, presumably, if Richardson violates the terms of his post-release supervision and the circuit court revokes his post-release supervision status, the circuit court will follow the dictates of Section 47-7-34. The State suggests that following revocation, the circuit court would impose further incarceration in an amount so that the total number of years of incarceration plus post-release supervision would be equal to or less than the maximum sentence found in the statute.
¶ 11. It is possible that Richardson could be required to serve the suspended portions of his sentence. See Miss.Code Ann. § 47-7-37 (Rev.2000). If so, it is possible that Richardson could be sentenced to an illegal sentence if Richardson had to serve his current sentence and the suspended portion of his sentence and the currently required five years of post release supervision. However, it is equally possible that Richardson could simply serve his current sentences, spend five years in post-release supervision, and return to normal society as a productive and law-abiding member of the population.
¶ 12. The fact remains that Richardson complains of a possibility. Richardson's sentence, as it stands, is not illegal. It would be if, for some reason, Richardson is required to serve the suspended portion of his sentence in addition to his current sentence and spend five years in post-release supervision, as well. If circumstance finds Richardson serving the suspended portions of his two sentences, then it would be proper to adjust Richardson's time under post-release supervision, so Richardson does not serve more than the maximum sentences allowable under the corresponding statutes. However, that scenario is only prospective. Likewise, Richardson's claim is prospective. This Court does not adjudicate a prospect claim. As the facts stand, Richardson's sentence is legal.
¶ 13. In Brown v. State, 872 So.2d 96 (Miss.Ct.App.2004), this Court applied the Mississippi Supreme Court's holding in Carter. Applying Carter, this Court held that a defendant's period of supervised release is not counted toward his time served. Brown, 872 So.2d at 99(¶ 11) (holding a sentence of three years to serve, seven years suspended, and five years of post release supervision is within a statute allowing for a ten year maximum sentence).
¶ 14. It follows that Richardson's two concurrent nine year sentences and five years of post-release supervision is within the two combined statutory maximum sentences adding up to a thirty year maximum sentence. Accordingly, the circuit court did not commit manifest error by denying Richardson's motion for post-conviction relief. We affirm the decision of the circuit court.
¶ 15. THE JUDGMENT OF THE UNION COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.